# UNITED STATES DISTRICT COU
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 1:09-CR-115 |
| JOSEPH LOOPER, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on Defendant Looper's Motion to Vacate pursuant to 28 U.S.C. 2255[DE 83]. For the following reasons, the motion is DENIED.

On June 26, 2015, the U.S. Supreme Court issued an opinion in the case of *Johnson v. United States,* 135 S.Ct. 2551 (2015) wherein it held that the residual clause of the Armed Career Criminal Act, ("ACCA"), 18 U.S.C. § 924(e)(2)(B), which defines a "crime of violence" as any offense that "involves conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. This change to the definition of "crime of violence" meant that some defendants sentenced under the ACCA might be entitled to a reduction in their original sentence if their sentences were based on this residual clause.

On August 7, 2015, the judges of this District appointed the Northern District of Indiana Federal Community Defender to represent defendants who were sentenced under the ACCA and who might be entitled to relief pursuant to *Johnson. See* General Order 2015-5. Thereafter, the Northern District of Indiana received a list from the United States Sentencing Commission of individuals who were currently serving sentences based on either a designation as an Armed Career Criminal pursuant to 18 U.S.C. §924(e), or as a Career Offender pursuant to U.S.S.G. §4B1.1. Mr. Looper's name was on that list.

Thomas N. O'Malley, an attorney with the FCD Office, entered his appearance in this case, reviewed the defendant's sentence that was imposed and reviewed the Presentence Investigation Report. Upon his review, he advised the Court that Mr. Looper's enhanced sentence under the U.S.S.G. resulted from an Indiana felony burglary conviction and a prior bank robbery conviction. Burglary is one of the enumerated offenses in Guideline §4B1.1(a)(2) and, in *Fisher v. United States*, 2016 WL 2609579 at *2 (N.D. Ind. May 4, 2016) this Court reiterated that bank robbery is a crime of violence because it has as an element the use, attempted use, or threatened use of physical force against the person. Accordingly, in counsel's view Looper was not entitled to relief under *Johnson* since his sentence did not result from an interpretation of the residual clause found unconstitutional in *Johnson*. Accordingly, the Court granted counsel's motion to withdraw from the case. [DE 82].

Subsequently, Looper filed the present motion *pro se* seeking the same relief that Counsel advised the Court was unavailable to him under *Johnson*. In particular, Looper asserts that the Guidelines provisions under which he was sentenced, i.e. §4B1.1, is unconstitutionally vague. The Government then moved to stay the proceedings [DE 85] in light of the Supreme Court's grant of certiorari in *Beckles v. United States*, 616 Fed. Appx. 415 (11th Cir. 2015), *cert. granted*, 2016 WL 1029080 (U.S. June 27, 2016). On April 27, 2017, the Government notified the Court that the Supreme Court reached a decision in *Beckles v. United States*, --- S. Ct. ----, 2017 WL 855781 (2017).

In *Beckles*, the Supreme Court held that the federal sentencing Guidelines "are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.* at **6, 9. Accordingly, the Court held that its prior decision finding unconstitutionally vague the residual clause in the Armed Career

Criminal Act did not affect the identically worded residual clause in the Sentencing Guidelines. *Id.* at ** 3, 5-6 (citing *Johnson v. United States*, 135 S. Ct. 2551 (2015)).

Given the above holding in *Beckles,* Looper's argument that he was sentenced pursuant to a Guidelines section that is unconstitutionally vague post-*Johnson* and that this Court should therefore vacate and resentence him is foreclosed. For this reason, Loopers petition pursuant to 28 U.S.C. §2255 is DENIED.

## **CONCLUSION**

For the reasons discussed, Petitioner's § 2255 motion [DE 83] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

Entered: This 19th day of June, 2017

s/ William C. Lee
United States District Court